DENT, plaintiff in error, v. THE PEOPLE.

*Writ of error — facts not appearing in return.*

Where a prisoner on a writ of error did not have a judgment record made up which would show the proceedings at the trial, but contented himself with a return containing the indictment, testimony, charge of court, verdict and sentence; *held,* that the court could not interfere with the result, upon the ground, that certain matters necessary to give validity to the proceedings were omitted. The fact of such omission not appearing by the return.

THE plaintiff in error was convicted in the New York oyer and terminer, of the offense of burglary in the third degree. The opinion states the question discussed on the appeal.

*W. F. Howe,* for plaintiff in error.

*B. K. Phelps,* district attorney, for people.

INGRAHAM, P. J.    The prisoner was tried in the oyer and term-iner, and convicted of a felony.    A writ of error was brought to this court.    The return to the writ of error contains the indict-ment, the testimony, the charge of the court, the verdict and the sentence.    No record appears to have been made up, and none is returned to this court.

To sustain this writ of error, it is claimed that the judgment should be reversed because it does not appear that the prisoner was present on the trial, and because it does not appear that the prisoner, before sentence, was asked what he had to say why judg-ment should not be pronounced against him.    There can be no doubt, but that both of the matters referred to were necessary to give validity to the proceedings on the trial.    The presence of the prisoner is required by statute (2 R. S. 734), and the inquiry as to reasons against the sentence has been always deemed necessary in England and this country in capital cases, and generally in cases of felonies.    The only question then is, whether, as this case is pre-sented to us, we have any return that will authorize us to pass upon this question.    There is no record of judgment returned to us.    The prisoner might, if he had seen fit, required the record to be made up by the district attorney, and if not done by him, the prisoner was allowed to make it up under the direction of the court.    3 R. S. 1031. He has not done so, but contented himself with the evidence, and the verdict and sentence.    The law allows the clerk, on the filing of a writ of error, to return a transcript of the indictment, bill of exceptions and judgment of the court, certified by the clerk.    2 R. S. 741.    Neither of the matters required to be returned would fur-nish any evidence as to the grounds relied on in this case.    It is not necessary in a bill of exceptions to state the presence of the pris-oner on the trial, nor in entering the judgment of the court on the minutes is it necessary to state what preceded the judgment.    If the prisoner wishes to avail themselves of such objection, he should apply to have the judgment record made up, which, when settled by the court, would show the proceedings on the trial.    The decis-ion of the court of appeals in *Messner* v. *The People,* 45 N. Y. 1, settles the question raised here, if there had been a judgment record returned.    In the present state of the criminal law the necessity of such strictness would be relaxed without injury to the prisoner. No cases are now tried where prisoners are not defended by counsel, and when the prisoner is present, as he must be to be sen-

tenced, there would seem to be no hardship in requiring him to claim the privilege, if he insists upon it, before judgment is pronounced. I am of the opinion that this case does not present the necessary facts on which the prisoner's objections are based, and that if he intended to urge them he should have applied for the making up of the judgment. The bill of exceptions is made by the prisoner, and to permit him to take advantage of omissions made by him therein, would be opening a door for the introduction of a course of proceeding not calculated to entitle the administration of justice to respect. The judgment should be affirmed.

FANCHER and BRADY, JJ., concurred.

*Judgment affirmed.*